**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Clifford W. Taylor    Michael F. Cavanagh
                      Elizabeth A. Weaver
                      Marilyn Kelly
                      Maura D. Corrigan
                      Robert P. Young, Jr.
                      Stephen J. Markman

FILED MARCH 23, 2006

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                               No. 127525

WILLIAM LARON JOHNSON,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

At issue is whether the trial court erred in scoring offense variable (OV) 11 and, if so, whether defendant is entitled to be resentenced. Defendant was convicted of two counts of third-degree criminal sexual conduct. The trial court scored OV 11 at 25 points on the basis that defendant penetrated the victim twice. The Court of Appeals affirmed. Because MCL 777.41(2)(a) only allows those penetrations "arising out of the sentencing offense" to be scored under OV 11, and because the two penetrations that formed the bases of the two sentencing offenses in this case occurred on different dates and there is no evidence that they arose out of each other, we conclude that the trial court erred in scoring OV 11. Because the

trial court sentenced defendant to a minimum of 100 months under the misapprehension that the statutory sentencing guidelines call for a minimum range of 99 to 320 months when the guidelines actually call for a minimum range of 87 to 290 months, we remand this case to the trial court for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

Following a jury trial, defendant was convicted of two counts of third-degree criminal sexual conduct, MCL 750.520d, on the grounds that when he was 20 years old he engaged in sexual intercourse with a 15-year-old girl on two different dates in November 2001. At the sentencing hearing, defendant unsuccessfully challenged the scoring of points under offense variables 10, 11, and 19. As scored, the statutory sentencing guidelines called for a minimum range of 99 to 320 months. The trial court sentenced defendant to two concurrent prison terms of 100 to 480 months as a fourth-offense habitual offender. Defendant filed an appeal as of right with the Court of Appeals, protesting the admission of evidence of three prior felony convictions at trial and the scoring of points under offense variables 10 and 11. The Court of Appeals affirmed. Unpublished opinion per curiam, issued October 28, 2004 (Docket No. 248480). Defendant applied for leave to appeal in this Court. After directing the parties to address whether OV 11 had been correctly scored by the trial court, we heard oral argument on whether to grant the application or take other peremptory action permitted by MCR 7.302(G)(1). 473 Mich 862 (2005).

## II. STANDARD OF REVIEW

2

The issues in this case concern the proper interpretation and application of the statutory sentencing guidelines, MCL 777.11 *et seq.*, both of which are legal questions that this Court reviews de novo. *People v Morson,* 471 Mich 248, 255; 685 NW2d 203 (2004). This case also concerns the admission of evidence, which is reviewed for an abuse of discretion. *People v Small,* 467 Mich 259, 261; 650 NW2d 328 (2002).

III. ANALYSIS

A. OV 11

The trial court scored OV 11 at 25 points. Defendant argues that OV 11 should have been scored at zero points. We agree with defendant. MCL 777.41 provides:

> (1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Two or more criminal sexual penetrations occurred …………………………………………….............................. 50 points
>
> (b) One criminal sexual penetration occurred ………………………………….................................... 25 points
>
> (c) No criminal sexual penetration occurred ………………………………….................................... 0 points
>
> (2) All of the following apply to scoring offense variable 11:
>
> (a) Score all sexual penetrations of the victim by the offender *arising out of* the sentencing offense.
>
> (b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

3

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense. [Emphasis added.]

In this case, defendant sexually penetrated the victim on two different occasions. Defendant argues that because the two penetrations occurred on separate dates they did not "aris[e] out of" each other, and, thus, the trial court erred in scoring OV 11 at 25 points.

"Arise" is defined as "to result; spring or issue." *Random House Webster's College Dictionary* (1997). The Court of Appeals has explained that the language "arising out of the sentencing offense" means that the "sexual penetration of the victim must result or spring from the sentencing offense." *People v Mutchie,* 251 Mich App 273, 276; 650 NW2d 733 (2002), aff'd on other grounds 468 Mich 50 (2003).[1] In *Mutchie, supra* at 277, the Court of Appeals held that "[b]ecause all three sexual penetrations perpetrated by defendant against the victim occurred at the same place, under the same set of circumstances, and during the same course of conduct, regardless of which first-degree CSC conviction one deems the 'sentencing offense' for purposes of OV 11, the other two sexual penetrations unambiguously fall within the scope of 'sexual penetrations of the victim by the offender arising out of the sentencing offense.'"

_____

[1] In *Mutchie, supra* at 51-52, we quoted the Court of Appeals opinion in that matter and held that "[t]he analysis of OV 11 offered by the Court of Appeals was dictum" because even if the trial court had erred in scoring OV 11, resentencing would not be warranted "'given the trial court's remarks that it would have imposed the same sentences regardless of the scoring of OV 11.'"

In interpreting an insurance contract containing the language "arising out of," we held that such language requires a "'causal connection'" that is "'more than incidental . . . .'" *Pacific Employers Ins Co v Michigan Mut Ins Co,* 452 Mich 218, 225; 549 NW2d 872 (1996), quoting *Thornton v Allstate Ins Co,* 425 Mich 643, 650; 391 NW2d 320 (1986). Similarly, in interpreting a workers' compensation statute, MCL 418.301, containing the language "arising out of," we held that this language requires a "'"causal connection . . . .""'" *Dean v Chrysler Corp,* 434 Mich 655, 659-660; 455 NW2d 699 (1990), quoting *Rucker v Michigan Smelting & Refining Co,* 300 Mich 668, 671; 2 NW2d 808 (1942), quoting *Appleford v Kimmel,* 297 Mich 8, 12; 296 NW 861 (1941).

Obviously, the Legislature did not intend *all* penetrations to be scored nor did it intend for *no* penetrations to be scored. Instead, it intended for those penetrations "arising out of the sentencing offense" to be scored, and it is our role to ascertain which penetrations fairly can be said to have "aris[en] out of the sentencing offense."

As already discussed, we have previously defined "arising out of" to suggest a causal connection between two events of a sort that is more than incidental. We continue to believe that this sets forth the most reasonable definition of "arising out of." Something that "aris[es] out of," or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has

5

arisen. For present purposes, this requires that there be such a relationship between the penetrations at issue and the sentencing offenses.

In this case, the sentencing offenses are for third-degree criminal sexual conduct. Therefore, in order to count the penetrations under OV 11, there must be the requisite relationship between the penetrations and the instances of third-degree criminal sexual conduct. The victim testified that she had sexual intercourse with defendant on two different dates in November 2001. There is no evidence that the penetrations resulted or sprang from each other or that there is more than an incidental connection between the two penetrations. That is, there is no evidence that the penetrations arose out of each other. More specifically, there is no evidence that the first sexual penetration arose out of the second penetration or that the second penetration arose out of the first penetration.[2] Because the two

_____

[2] In this case, defendant was convicted of two separate counts of third-degree criminal sexual conduct. Third-degree criminal sexual conduct is an offense based on sexual penetration. MCL 750.520d. The penetration that formed the basis of defendant's first offense "aris[es] out of the [first] sentencing offense." The penetration that formed the basis of defendant's second offense "aris[es] out of the [second] sentencing offense." However, the penetration that formed the basis of the first offense cannot be used for scoring the first offense, and the penetration that formed the basis of the second offense cannot be used for scoring the second offense. This is because MCL 777.41(2)(c) prevents the court from scoring points "for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense." While the precise meaning of the language in MCL 777.41(2)(c) is not at issue in this case, it is clear that each criminal sexual penetration that forms the basis of its own sentencing offense cannot be scored for purposes of that particular sentencing offense.

sexual penetrations did not "aris[e] out of" each other, the trial court erred in scoring OV 11 at 25 points.[3]

If OV 11 is scored at 25 points, the statutory sentencing guidelines call for a minimum sentence range of 99 to 320 months. However, if OV 11 is scored at zero points, as it should have been in this case, the guidelines call for a minimum sentence range of 87 to 290 months. Because defendant's sentences are predicated upon an inaccurate calculation of the guidelines range, defendant is entitled to be resentenced. *People v Francisco,* 474 Mich ___; ___ NW2d ___ (2006) (Docket No. 129035, decided March 23, 2006).

### B. MRE 609

Defendant had three prior felony convictions for breaking and entering in 1999, receiving and concealing stolen property in 2000, and larceny from the person in 2000. We agree with the Court of Appeals that the trial court did not abuse its discretion in admitting evidence of these convictions under MRE 609.

---

[3] Although criminal sexual penetrations extending beyond the sentencing offense cannot be scored under OV 11, they *may* be scored under OV 12 (contemporaneous felonious criminal acts that occurred within 24 hours of the sentencing offense and that have not and will not result in separate convictions, MCL 777.42) or OV 13 (continuing pattern of criminal behavior, MCL 777.43). In this case, OV 12 cannot be scored because there is no evidence that the sexual penetrations occurred within 24 hours of each other and both penetrations resulted in separate convictions. Moreover, defendant has already been assessed 25 points under OV 13-- the highest number of points assessable unless first-degree criminal sexual conduct is the sentencing offense-- on the basis of an unarmed robbery conviction in 2000, a larceny from the person conviction in 1999, and the sentencing offense.

7

The crimes contained elements of theft, were punishable by imprisonment in excess of one year, were committed within two years of the instant offenses, were probative of defendant's credibility, and were not similar to the instant offenses.

C. OV 10

We also agree that the trial court did not err in scoring OV 10 at ten points. MCL 777.40(1)(b) requires OV 10 to be scored at ten points where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." As the Court of Appeals explained, "[w]here complainant was fifteen years old and defendant was twenty, the court could determine that defendant exploited the victim's youth in committing the sexual assault." Slip op at 2.

IV. Conclusion

Because we conclude that the trial court erred in scoring OV 11 and that this error affected the statutory sentencing guidelines range, we remand this case to the trial court for resentencing under the correct guidelines range.

Clifford W. Taylor<br>
Stephen J. Markman

Cavanagh and Kelly, JJ., concurred in the result only.

Michael F. Cavanagh<br>
Marilyn Kelly

8

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

V                                            No.  127525

WILLIAM LARON JOHNSON,

      Defendant-Appellant.

_____

CORRIGAN, J. (*concurring in part and dissenting in part*).

      I concur with the lead opinion's analysis and conclusions regarding the scoring of the offense variables and the admissibility of the evidence of defendant's prior felony convictions.  However, for the reasons stated in my dissent in *People v Francisco*, 474 Mich ___; ___ NW2d ___ (2006) (Docket No. 129035, decided March 23, 2006), I dissent from the conclusion that a remand for resentencing is required in this case.

                                      Maura D. Corrigan
                                      Elizabeth A. Weaver
                                      Robert P. Young, Jr.