# Order

Michigan Supreme Court
Lansing, Michigan

April 25, 2008

133596 & (28)

FERN WILLER,
        Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133596
COA: 273805
Wayne CC: 06-607259-CK

On March 6, 2008, the Court heard oral argument on the application for leave to appeal the February 23, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Wayne Circuit Court, and we REMAND this case to that court for entry of an order granting summary disposition to the defendant. On this record there is no genuine issue of material fact in dispute that the plaintiff failed to show that the causal connection between her injuries and her scraping the windshield of her vehicle was anything beyond "incidental, fortuitous or 'but for'" such that the injuries arose out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle" within the meaning of MCL 500.3105(1). The stay of trial court proceedings, ordered on February 6, 2008, is DISSOLVED.

MARKMAN, J., concurs and states as follows:

I concur with the order reversing the judgment of the trial court and remanding the case for the entry of an order of summary disposition in defendant's favor. However, because I disagree with the majority's application of MCL 500.3105(1), I write separately to explain my rationale.

While scraping ice and snow off the windshield of her car on a March evening in 2005, plaintiff slipped and fell on a patch of ice beside her car and suffered injuries. Her car was insured with defendant, and she filed a claim for first-party no-fault benefits. This claim was denied, and the instant lawsuit was filed. Defendant moved for summary disposition, arguing that plaintiff had not been "maintaining" her vehicle under MCL

500.3105(1) at the time of her injury, and that there was an insufficient connection between plaintiff's scraping the windshield and her injury. The trial court denied this motion. Defendant then filed an interlocutory application for leave to appeal with the Court of Appeals, which was also denied. Unpublished order of the Court of Appeals, entered February 23, 2007 (Docket No. 273805). Defendant then appealed to this Court arguing that plaintiff's claim was barred under both MCL 500.3105(1) and MCL 500.3106(1). We ordered oral argument on whether to grant defendant's application.

The majority concludes that summary disposition is appropriate here because no reasonable juror could conclude that plaintiff can satisfy MCL 500.3105(1). I respectfully disagree. Section 3105(1) states:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

The majority focuses on the requirement that an injury must "arise out of" the maintenance of the vehicle. When construing the meaning of this phrase in § 3105, this Court has stated: "Without a relation that is more than 'but for,' incidental, or fortuitous, there can be no recovery." *Thornton v Allstate Ins Co*, 425 Mich 643, 660 (1986). This Court more recently interpreted the same phrase in the context of scoring a defendant's offense variables:

> [W]e have previously defined "arising out of" to suggest a causal connection between two events of a sort that is more than incidental. We continue to believe that this sets forth the most reasonable definition of "arising out of." Something that "aris[es] out of," or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen. [*People v Johnson*, 474 Mich 96, 101 (2006).]

Thus, the phrase "arising out of" requires a plaintiff to show that the injury "sprang from" or "resulted from" the maintenance of the vehicle.

In my judgment, plaintiff has presented sufficient evidence to survive defendant's motion for summary disposition based on § 3105(1). Plaintiff was scraping her windshield when she fell. In my judgment, a reasonable juror could conclude that the fall "sprang from" some movement by plaintiff pursuant to her act of scraping the windshield. Accordingly, a reasonable juror could conclude that plaintiff's slip on the ice "arose out of" the maintenance of her vehicle. Therefore, summary disposition for defendant based on § 3105(1) is inappropriate.

However, defendant also argues that, even if plaintiff meets the requirements of MCL 500.3105(1), MCL 500.3106(1) presents an additional statutory hurdle that plaintiff must satisfy in order to survive summary disposition. That provision states:

Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

Because § 3106(1) states than an injury generally does not "arise out of" the maintenance of a parked vehicle as a motor vehicle "unless" one of the three exceptions is satisfied, § 3106(1) indicates that, in every case involving a parked vehicle, a plaintiff must demonstrate that one of the three listed exceptions is satisfied.

However, this Court previously has not required plaintiffs in parked-vehicle cases to satisfy § 3106(1) if § 3105(1) is satisfied. In *Miller v Auto-Owners Ins*, 411 Mich 633, 641 (1981), this Court opined that "[t]he policies underlying § 3105(1) and § 3106 . . . are complementary rather than conflicting." Accordingly, "[c]ompensation is . . . required by the no-fault act without regard to whether [the plaintiff's] vehicle might be considered 'parked' at the time of injury." *Id.* In other words, under *Miller*, a plaintiff who satisfies § 3105(1) in a parked vehicle case is not also obligated to satisfy § 3106(1).

*Miller*'s interpretation of the interplay between § 3105(1) and § 3106(1) is, in my view, clearly erroneous. Section 3105(1) permits recovery only if the insured vehicle is being used "as a motor vehicle." Section 3106(1) states that a parked vehicle is not being used "as a motor vehicle" unless one of the three exceptions is applicable. Accordingly, every plaintiff in a parked-vehicle case must satisfy § 3106(1) in order to recover.

Because *Miller* was wrongly decided, it must be determined whether it should be overruled by considering "the effect on reliance interests and whether overruling would work an undue hardship because of that reliance." *Robinson v Detroit*, 462 Mich 439, 466 (2000). To make this determination, *Robinson* requires consideration of "whether the previous decision has become so embedded, so accepted, so fundamental, to everyone's expectations that to change it would produce not just readjustments, but practical real-world dislocations." *Id*. *Miller* is not "so embedded," in my judgment. In

*Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 635 (1997), we stated that "where a [plaintiff] suffers an injury in an event related to a parked motor vehicle," such a plaintiff must "establish[] that he falls into one of the three exceptions to the parking exclusion in subsection 3106(1)." Moreover, we reiterated the requirement that a plaintiff in a parked-vehicle case must satisfy § 3106(1) in *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 217 n 3 (1998), and in *Stewart v Michigan*, 471 Mich 692, 697 (2004). Accordingly, this Court has called into question the continuing validity of *Miller* for over 10 years. Under these circumstances, I cannot conclude that *Miller* is "so embedded" in Michigan law that overruling it will produce "real-world dislocations." Nor do I discern any "reliance" interests upon *Miller* that would counsel against it being overruled.

The continued co-existence of *McKenzie* and *Miller* causes confusion insofar as litigants can plausibly argue that, under *McKenzie*, § 3106 applies in cases involving dual-use vehicles, while under *Miller*, § 3106 does not apply if a single-use vehicle is involved. See *Kennedy v Farm Bureau Ins Co*, memorandum of law of the Monroe Circuit Court, issued January 13, 2006 (Docket No. LC-05-019503-NF). Such a distinction is unwarranted by the language of the statute, which nowhere distinguishes between single- and dual-use vehicles. This Court has stated that "it is to the words of the statute itself that a citizen first looks for guidance in directing his actions." *Robinson*, *supra* at 467. By contravening the language of § 3105 and § 3106, *Miller* undercut the reliance that average citizens are entitled to place on the law enacted by their elected representatives.

It is apparent from the record that plaintiff here is unable to satisfy any of the three exceptions in § 3106(1). Her vehicle was not "parked in such a way as to cause unreasonable risk of the bodily injury which occurred." MCL 500.3106(1)(a). She was not injured by "physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used," or during the "loading or unloading process." MCL 500.3106(1)(b). Finally, her injury did not occur while she was "occupying, entering into, or alighting from the vehicle." MCL 500.3106(1)(c). Accordingly, plaintiff's action must be dismissed.

CORRIGAN, J., joins the statement of MARKMAN, J.

CAVANAGH and KELLY, JJ., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent from the peremptory order of the majority of four (Chief Justice Taylor and Justices Corrigan, Young, and Markman) reversing the judgment of the Wayne Circuit Court and remanding this case to that court for the entry of an order granting summary disposition to the defendant.

I would deny leave to appeal because the plaintiff has presented sufficient evidence to survive the defendant's motion for summary disposition.[1] Specifically, I would deny leave to appeal because I agree with the ruling by the Wayne Circuit Court that a juror could conclude that when the plaintiff fell while she was scraping snow and ice off of her vehicle's windshield, the plaintiff was engaged in "maintenance" of her motor vehicle as contemplated under MCL 500.3105(1) and *Miller v Auto-Owners Ins Co,* 411 Mich 633 (1981).

I further note that despite the fact that plaintiff's vehicle was parked at the time she was engaged in its maintenance, this Court has upheld recovery under such circumstances despite the fact that one of the three parked-vehicle exceptions was not at issue.[2] Specifically, in *Miller, supra* at 641, this Court held that "[c]ompensation is . . . required by the no-fault act without regard to whether [the plaintiff's] vehicle might be considered parked at the time of injury." It defies common sense to expect one to perform maintenance on one's vehicle while the vehicle is not parked. Clearly one cannot be expected to scrape the windshield of one's vehicle while sitting behind the wheel and driving the vehicle down the road. Any reasonable person would conclude that in order to safely perform vehicle maintenance, one must do so while the vehicle is parked.

While Justice Markman, with Justice Corrigan concurring, asserts in his concurrence that *Miller* was wrongly decided, *Miller* has been in effect for 27 years— time enough to become "so embedded, so accepted, so fundamental, to everyone's

---

[1] Justice Markman, joined by Justice Corrigan, concurs with this conclusion, but then joins in the order for peremptory reversal and remand claiming that *Miller v Auto-Owners Ins Co,* 411 Mich 633 (1981), was wrongly decided.

[2] Under MCL 500.3106(1) accidental bodily injury does not arise out of the maintenance of a parked vehicle unless:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

expectations that to change it would produce not just readjustments, but real-world dislocations." *Robinson v Detroit,* 462 Mich 439, 466 (2000).

Under these circumstances, the trial court did not err in denying the defendant's motion for summary disposition and plaintiff should have been allowed to present her case to a jury.

I would not peremptorily reverse the judgment of the circuit court and would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2008

Clerk

s0422