# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREGORY JAMES LIST,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2014

No. 318094
Saginaw Circuit Court
LC No. 12-037000-FC

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his jury convictions on three counts of first-degree criminal sexual assault (CSC I), MCL 750.520b(1)(a) (victim under 13 years old). We affirm.

## I. FACTUAL BACKGROUND

In 1987, defendant pleaded guilty to second-degree criminal sexual misconduct and was incarcerated until December 1999. In 2000, he spent time with his brother's family, including the complainant in this case, SL, who was about four years old. Defendant babysat SL and her brother while their parents were at work. SL testified that defendant sexually abused her on two separate occasions. One incident occurred in the bedroom and involved defendant putting his finger in her vagina. On a different day, two incidents occurred in the bathroom, when he removed her clothing, put his mouth on her vagina, and put his penis in her mouth. After the incident in the bedroom, SL's mother discovered blood in her panties and took her to see her pediatrician who, after an examination, was unable to determine the cause. SL testified that she did not tell anyone what happened until much later because she did not want to hurt her family and because defendant had told her she would get in as much trouble as he would if she told anyone.

---

[1] *People v List*, unpublished order of the Court of Appeals, entered May 7, 2014 (Docket No. 318094).

-1-

## II. FAILURE TO DISCLOSE FAVORABLE EVIDENCE

Defendant first argues that the prosecution failed to disclose favorable evidence in violation of *Brady*[2] and MCL 6.201(B)(1). We disagree.

This constitutional issue is unpreserved because defendant did not raise it before the trial court. See *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-765; 597 NW2d 130 (1999). A plain error affects a defendant's substantial rights if the error affected the outcome of the proceedings. *People v Vaughn*, 491 Mich 642, 665; 821 NW2d 288 (2012).

To establish a *Brady* violation, a defendant must prove: "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). "The government is held responsible for evidence within its control, even evidence unknown to the prosecution, without regard to the prosecution's good or bad faith." *Id*. (citations omitted).

Defendant argues that the identity of SL's pediatrician and the doctor's medical records regarding SL were suppressed. However, the record clearly shows that the prosecution never had the medical records and SL's mother testified that she tried to locate the records, but was told by the medical records custodian that the records could not be located. And defendant did not establish that evidence regarding the identity of SL's pediatrician was favorable to him. Evidence can be favorable if it is exculpatory or has impeachment value. *Chenault*, 495 Mich at 149 (citation omitted). Defendant argues that, because SL's pediatrician did not report suspected child abuse, it can be assumed that the doctor did not find any indication that SL had been sexually abused. However, the victim's mother testified that the doctor was unable to make a determination about what caused the bleeding. In other words, the record suggests that the medical records generated in relation to the examination and any testimony the doctor might have given would not have supported or refuted the claims of sexual abuse. Further, defendant cannot show that the evidence was material, i.e., a reasonable probability exists that the result of the proceeding would have been different had the evidence been disclosed to the defense. See *id*. at 150 (citation omitted). Accordingly, this claim is without merit.[3]

---

[2] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

[3] Defendant's similar argument premised on MCR 6.201(B)(1) is likewise without merit. MCR 6.201(B)(1) provides that the prosecutor must provide "any exculpatory information or evidence known to the prosecuting attorney" to the defendant upon request. As indicated, the prosecution did not possess the medical records and did not have any indication that the doctor could provide exculpatory testimony.

### III. OFFENSE VARIABLES

Defendant next argues that offense variable (OV) 11 and OV 19 were scored incorrectly. This issue is unpreserved because defendant did not object to the scoring of the variables at sentencing. MCL 769.34(10). We review unpreserved challenges to the scoring of the sentencing guidelines for plain error affecting defendant's substantial rights. *People v Odom*, 276 Mich App 407, 411; 740 NW2d 557 (2007).

OV 11 addresses criminal sexual penetration. MCL 777.41. Fifty points must be assessed if "[t]wo or more criminal sexual penetrations occurred" and twenty-five points must be assessed if only "[o]ne criminal sexual penetration occurred." MCL 777.41(1). When scoring OV 11, the court must "[s]core all sexual penetrations of the victim by the offender arising out of the sentencing offense." MCL 777.41(2)(a). In order to satisfy the "arising out of the sentencing offense" requirement, penetrations must spring from or result from the sentencing offense, having a connective or a cause and effect relationship that is more than incidental. *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). However, points cannot be scored for the one penetration that forms the basis of the sentencing offense. MCL 777.41(2)(c).

Here, defendant sexually penetrated the victim three times on two occasions. One penetration occurred in her bedroom, and two penetrations occurred in the bathroom on a different day. Only one of the bathroom penetrations is properly scored under OV 11 because the other penetration forms the basis of the sentencing offense. MCL 777.41(2)(c). Defendant admits that the second penetration in the bathroom arose out of the first penetration in the bathroom; thus, OV 11could properly be scored 25 points for one sexual penetration arising out of the sentencing offense. However, defendant argues, no second penetration occurred that would support the scoring of OV at 50 points. We agree. The single penetration that occurred in the bedroom occurred on a different day and there is no evidence that the penetrations resulted or sprang from each other or that there is more than an incidental connection between the penetrations. See *Johnson*, 474 Mich at 101-102. Accordingly, the trial court erred in scoring OV 11 at 50 points because only one criminal sexual penetration could be properly counted under MCL 777.41.

The prosecutor argues, however, that even if OV 11 was scored incorrectly, this Court should affirm defendant's sentence because 50 points could have been scored under OV 13 so any error in scoring OV 11 was harmless. OV 13 addresses a continuing pattern of criminal behavior. Fifty points may be assessed if the "offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). But in scoring OV 13, the trial court may not score conduct scored in OV 11 except "for offenses related to membership in an organized criminal group or that are gang-related." MCL 777.43(2)(c). In this case, the presentence information report scored OV 13 at zero points and there is no record evidence that the trial court disagreed with that score.

Nevertheless, we conclude that the error in scoring OV 11 was harmless. During defendant's sentencing, the trial court held:

> This sentence is within the sentencing guidelines, and I believe the sentence I am imposing today is proportionate to the seriousness of defendant's conduct and

record, and produces a proportionate sentence, regardless of any potential errors in scoring the sentence guidelines that may affect the recommended sentence guidelines range.

The court clearly expressed its view that the sentence imposed was proper without regard to any scoring errors; therefore, the error in scoring OV 11 was harmless and resentencing is not warranted. See *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003).

Defendant also challenges the scoring of OV 19, which addresses interference with the administration of justice. MCL 777.49. Ten points must be assessed if the offender "interfered with or attempted to interfere with the administration of justice." MCL 777.49(1)(c).

Here, the evidence showed that SL felt defendant threatened her into not telling anyone what happened. She explained that he told her if she told anyone what happened she would be in as much trouble as him. Whether that was SL's only reason for failing to disclose the sexual abuse is irrelevant. Defendant's comments to SL when she was four years old were clearly designed to prevent her from telling anyone what he had done to her. "[T]hreatening or intimidating a victim or witness [or] telling a victim or witness not to disclose the defendant's conduct" can constitute an interference or attempt to interfere with the administration of justice. *People v Hershey*, 303 Mich App 330, 343-344; 844 NW2d 127 (2013). Defendant claims that he did not "threaten" SL. However, "[a] threat is not required." *People v Steele*, 283 Mich App 472, 493; 769 NW2d 256 (2009). On this record, it was not plain error for the trial court to score OV 19 at ten points.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter