# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH HENRY ABARE,

Defendant-Appellant.

UNPUBLISHED
September 27, 2016

No. 327563
Muskegon Circuit Court
LC No. 14-064931-FH

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

A jury convicted Joseph Henry Abare of second-degree criminal sexual conduct (CSC-2), MCL 750.520c(1)(a). The trial court sentenced Abare, as a fourth habitual offender, MCL 769.12, to 228 months to 41 years' imprisonment. We affirm.

Abare raises a two-pronged attack on his sentences, contesting the evidentiary support for the scoring of two offense variables (OVs) and the constitutionality of basing his scores on judicially found facts. He preserved both objections in the trial court. As noted by this Court in *People v Biddles*, ___Mich App ___; ___NW2d ___ (Docket No. 326240, issued June 30, 2016), slip op at 4, each of these "challenges has its own distinct remedy." When a court "clearly err[s] in finding that a preponderance of the evidence supported one or more of the OVs or otherwise erred in applying the facts to the OVs, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), and if the scoring error resulted in an alteration of the minimum sentence range, he would be entitled to resentencing, *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006)." *Biddles*, slip op at 4. A constitutional challenge under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), however, does not demand resentencing. Rather, under *United States v Crosby*, 397 F3d 103 (CA 2, 2005), the defendant may choose whether to pursue resentencing on remand. *Biddles*, slip op at 4-5. As an evidentiary error demands resentencing and a constitutional error creates only a possibility of resentencing, this Court must consider evidentiary challenges first. If an evidentiary error requires resentencing, the constitutional error is rendered moot. *Id.* at 5.

We first consider Abare's evidentiary challenges to the scoring of two offense variables, OV 11 and OV 13. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Hardy*, 494 Mich at 438. "Whether the facts, as found, are adequate to satisfy the scoring conditions

- 1 -

prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

Abare contends that the trial court erroneously assessed 25 points for OV 11, by taking into account a criminal sexual penetration connected to the sentencing offense, despite that the jury did not convict him of a sexual penetration and he did not admit to this offense. Although his brief on appeal barely hints at an evidentiary challenge to the scoring, we will give Abare the benefit of the doubt and address this issue.

MCL 777.41(2)(a) instructs sentencing courts to score points corresponding to the number of sexual penetrations "arising out of the sentencing offense." "[A]ll sexual penetrations of the victim . . . arising out of the sentencing offense" must be scored. *Id.* Fifty points are scored if "[t]wo or more criminal sexual penetrations occurred," MCL 777.41(1)(a), and 25 points are assessed if "[o]ne criminal sexual penetration occurred." MCL 777.41(1)(b). A criminal sexual penetration "aris[es] out of the sentencing offense" when there is "a connective relationship, a cause and effect relationship" between penetrations that is "more than . . . incidental." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006).

The prosecutor charged Abare with CSC-2, MCL 750.520c(1)(a), which punishes sexual contact with a person under 13 years of age. "Sexual contact" is defined to include "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification[.]" MCL 750.520a(q). The particular act of CSC-2 for which the jury convicted Abare is not clear from the record, as the victim testified that Abare initially touched her on a couch and later that same evening on a nearby box spring. The victim described that during the second touching, Abare inserted his finger inside her "special spot" and "wiggl[ed] it around." Based on this evidence, the trial court scored 25 points for OV 11.

A preponderance of the evidence supports that the penetration that occurred on the box spring arose from Abare's sexual contact with the victim, either on the box spring or on the couch. The three events were closely linked in time and place, the touchings culminating in the criminal sexual penetration. Accordingly, the trial court did not abuse its discretion in scoring OV 11.

Abare next argues that the trial court erroneously scored OV 13 at 25 points. MCL 777.43(1)(c) provides that 25 points are to be scored for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." The crimes need not result in a conviction but must occur within a five-year period, including the sentencing offense. MCL 777.43(2)(a). "Except for offenses related to membership in an organized criminal group or that are gang-related, . . . conduct scored in [OV] 11 or 12" must not be scored under OV 13. MCL 777.43(2)(c).

The trial court determined that Abare committed three crimes against a person during the pertinent interval: third-degree child abuse, the "extra" touching of the victim that occurred immediately prior to the penetration, and second-offense domestic assault. Abare asserts that the trial court erred by considering both the "extra" touching and the domestic assault.

The "extra" touching, Abare argues, was scored in OV 11, placing it off-limits for scoring in OV 13. However, the record supports that Abare engaged in two acts of sexual contact: one on the couch and one on the box spring. The box-spring touching led to a penetration. We find no error in the trial court's determination that the "extra" touching constitutes a crime against a person that was not scored in OV 11.

The trial court found that in 2009, Abare could have been convicted of felony domestic violence, third offense, as he had accumulated three misdemeanor convictions for domestic assault (in 1999, 2001 and 2002) and was convicted of "assault and battery (domestic violence) 2nd offense" for the 2009 event. Under MCL 750.81(5), a defendant who has two or more previous misdemeanor convictions for domestic assault commits a felony when convicted of a third domestic assault. This evidence sufficed to establish by a preponderance that defendant committed a felonious domestic assault in 2009. Accordingly, the trial court did not err by finding that Abare committed three crimes against a person in addition to the offense scored in OV 11, and thus properly scored OV 13.

As Abare's evidentiary challenges do not require remand, we turn to Abare's constitutional challenges to his sentence. In the trial court, Abare objected to any scoring of his offense variables based on facts not found by a jury by citing *Lockridge*, 496 Mich 852, which was then pending before our Supreme Court. He implicitly concedes, however, that because the trial court imposed a departure sentence, he is not entitled to a *Crosby* remand; his appellate brief (filed three months after the Supreme Court issued its opinion in *Lockridge*) does not mention this relief. See *Lockridge*, 498 Mich at 391-392. Although Abare recites that *Lockridge* instructs that departure sentences are reviewed for reasonableness, he advances no argument whatsoever that the eight-month upward departure imposed by the trial court qualifies as unreasonable. Accordingly, we find that Abare has waived any challenge to the reasonableness of his departure sentence.

We affirm.


/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher