# Order

Michigan Supreme Court
Lansing, Michigan

April 21, 2017

154266

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

    SC: 154266
    COA: 332650
    Antrim CC: 2015-004703-FC

DAVID ANTHONY ZOULEK,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the June 24, 2016 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

A defendant is assessed points for Offense Variable 11 if he or she: (a) commits one or more sexual penetrations in *addition* to the sexual penetration that "forms the basis of" the sentencing offense and (b) the additional penetration also "*aris*[*es*] *out of* the sentencing offense." MCL 777.41. There must be a "connective relationship, a cause and effect relationship, of more than an incidental sort" between the additional penetration and the sentencing offense. *People v Johnson*, 474 Mich 96, 101 (2006). Here, while the victim testified that she had been sexually penetrated on multiple occasions, there was no evidence that any of these arose out of the sentencing offense. Because trial counsel clearly rendered ineffective assistance when he incorrectly informed the court that a score of 50 points (rather than 0 points) was proper based on the victim's testimony and appellate counsel was also ineffective for failing to raise this obvious error in the Court of Appeals, I would remand for resentencing. *People v Francisco*, 474 Mich 82 (2006).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 21, 2017



Clerk

t0418