*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AARON DESEAN THOMPSON,

        Defendant-Appellant.

UNPUBLISHED
June 24, 2021

No. 350647
Wayne Circuit Court
LC No. 19-003079-01-FJ

Before: MURRAY, C.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

Defendant, Aaron Desean Thompson, appeals as of right his jury trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(ii) (sexual penetration of victim aged 13 to 15 years old and defendant is related to the victim by blood or affinity), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b)(ii) (sexual contact with victim aged 13 to 15 years old and defendant is related to the victim by blood or affinity). Defendant also appeals his sentence. We affirm.

## I. BACKGROUND

This case arose from defendant's sexual abuse of his younger stepsister, J.D., when she was between the ages of 8 and 16 years old. During trial, the victim testified to numerous instances of sexual abuse perpetuated by defendant. J.D. testified that defendant's abuse progressed from inappropriate touching, to fellatio, digital vaginal penetration, and vaginal and anal penetration. The jury found defendant guilty of the first count of CSC-I, which was based on allegations that defendant inserted his fingers into J.D.'s genital opening, and CSC-II based on allegations of sexual touching. The jury found defendant not guilty of the second count of CSC-I, which related to allegations that defendant inserted his penis into the victim's anus, and one count of CSC-III, which was based on allegations that defendant inserted his penis into the victim's genital opening.

-1-

## II. PROSECUTORIAL MISCONDUCT

On appeal, defendant first argues that the prosecutor committed prosecutorial misconduct[1] by eliciting credibility testimony from defendant's father and the victim's stepfather, Reginald. Specifically, defendant takes issue with the testimony of Reginald that indicated he believed the victim's allegations.

### A. PRESERVATION AND STANDARD OF REVIEW

"In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Defendant objected to some of Reginald's testimony. However, defendant failed to object to the other parts of the testimony he deems improper on appeal. Therefore, to the extent that defendant failed to object, those issues are unpreserved.

Generally, preserved "[i]ssues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). "[A] preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (cleaned up). "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). However, unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Requirements for reversal under the plain-error rule are "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*. The defendant bears the burden to demonstrate that an error occurred, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). Further, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Id*. at 329-330.

---

[1] As this Court recently noted in *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015), although the term "prosecutorial misconduct" has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " For clarity and consistency's sake, and because it has become a term of art, we will utilize the term "prosecutorial misconduct."

## B. ANALYSIS

The following exchange occurred between Reginald and the prosecutor:

> *Q. [The Prosecutor]:* Let me ask you: At some point, did you make [defendant] aware of the fact that you knew what [J.D.] had told of what, what, [J.D.] had told you what, about what had happened?
>
> *A. [Reginald]:* Yes.
>
> *Q.* And how did you make him aware of that?
>
> *A.* Well, he had just had, him and his wife had just had a baby, a little girl, which is my second grandchild. And this was after we were informed that, you know, what was done, allegedly. And I congratulated his wife, but I didn't congratulate him because–
>
> \* \* \*
>
> *Q.* Why didn't you?
>
> *A.* Because I was upset and I can't talk to—If I know you did something— This is just me. I can't talk to you and say, hey, you know, about the weather or the Lions and I know you did something wrong—

Defense counsel objected to this testimony on the basis of personal knowledge. In response, the prosecutor argued that the line of questioning and testimony was relevant as to "[w]hy [Reginald is] treating the defendant in the way he is and then why the defendant subsequently reacts the way he does." The trial court did not appear to sustain the objection, but instructed the prosecutor to "get there." Reginald further testified about a heated exchange between he and defendant via text message. The prosecutor asked Reginald, "And how did it come about that you made [defendant] aware of what [J.D.] had told you[?]" In response, Reginald testified: "I told him. I said: If you really want to know why I didn't contact you and congratulate you on your daughter, this is why. [J.D.] told us what you did."

Defendant argues that Reginald's testimony regarding the credibility of the victim's allegations was improper and irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 701 permits a lay witness to provide testimony in the form on an opinion if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 701. However, "[i]t is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). As our Supreme Court has explained:

Such comments have no probative value because they do nothing to assist the jury in assessing witness credibility in its fact-finding mission and in determining the ultimate issue of guilt or innocence. As a result, such statements are considered superfluous and are inadmissible lay witness opinion on the believability of a witness's story because the jury is in just as good a position to evaluate the witness's testimony." *People v Musser*, 494 Mich 337, 349; 835 NW2d 319 (2013) (cleaned up).

Likewise, because it is solely the jury's function to determine the guilt or innocence of the accused, "a witness cannot express an opinion on the defendant's guilt or innocence of the charged offense . . . ." *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013) (cleaned up). However, "[a] prosecutor's good-faith effort to admit evidence does not constitute misconduct." *Dobek*, 274 Mich App at 70. Further, "[i]ssues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64.

While opinions about a complainant's credibility are inadmissible, *Musser*, 494 Mich at 349, the proper focus is "whether the prosecutor elicited the testimony in good faith." See *Dobek*, 274 Mich App at 71. The prosecutor did not specifically ask Reginald to opine on the victim's credibility or guilt of defendant. Rather, the prosecutor's questions were aimed to provide context in order to admit defendant's text message sent to Reginald, a party admission.[2] Further, in response to defendant's objection on the basis of lack of personal knowledge, the prosecutor stated that the line of questioning and testimony was relevant as to "[w]hy [Reginald is] treating the defendant in the way he is and then why the defendant subsequently reacts the way he does." Subsequently, Reginald testified that he told defendant, via text message, that defendant needed to ask for forgiveness for the alleged sexual abuse. Defendant responded, "I'm gonna [sic] turn myself in. I just need time to get things right with my kids." We conclude that defendant has failed to establish that the prosecutor was not acting in good faith to provide context to the text message exchange between defendant and Reginald, which led to the admission of the party admission. Therefore, defendant has not established that the prosecutor committed prosecutorial misconduct.

Even if we were to conclude that the prosecutor engaged in misconduct, defendant would not be entitled to a reversal of his conviction. As it relates to the preserved issue, defendant has not established that "it is more probable than not that the error was outcome determinative." *Lukity*, 460 Mich at 496. Defendant has also not established that the testimony, "[J.D.] told us what you did," the unpreserved error, "affected the outcome of the lower court proceedings." *Carines*, 460 Mich 763. The jury had the opportunity to observe the victim's testimony at trial and could have come to the same conclusion as Reginald, that is believing the victim's allegations, or rejected Reginald's opinion that the allegations were true. Additionally, during cross-examination, defense counsel asked Reginald, "And you didn't congratulate [defendant] on his

---

[2] A party's own statement that is offered against that party is not hearsay and is admissible. See MRE 801(d)(2).

daughter because you picked a side, correct?" Reginald responded, "I didn't pick a side. I was, from the response that I got, I was led to believe which side to go to." Therefore, defense counsel elicited similar testimony from Reginald.[3]

Further, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Callon*, 256 Mich App at 329-330. Although defendant did not request a curative instruction despite objecting to some of Reginald's testimony and having the opportunity to do so,[4] the trial court provided the following jury instructions:

> As jurors, you must decide what the facts of this case. This is your job and nobody else's. You must think about all of the evidence and the testimony, then decide what each piece of evidence means and how important you think it is. This includes whether you believe what each of the witnesses said. What you decide about any fact in this case is final.

The trial court stated that the jury was required to base its decision on "the evidence as presented" and instructed the jury that "[t]he lawyers statements and arguments are also not evidence." Further, the court instructed: "You must decide which witnesses you believe and how important you think their testimony is. You do not have to accept or reject everything a witness has said. You are free to believe all, none or part of any person's testimony." "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Ericksen*, 288 Mich App 192, 199-200; 793 NW2d 120 (2010). Therefore, any prejudicial effect of the alleged prosecutor misconduct was cured by the inclusion of these jury instructions.

Defendant also asserts that the prosecutor discussed the improper testimony that she would elicit from Reginald during opening arguments. However, defendant does not appear to argue that the prosecutor's opening statements constituted misconduct "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Therefore, defendant has abandoned this issue. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") Nonetheless, a review of the record indicates that the prosecutor did not make improper statements about Reginald's testimony as it relates to the credibility of the victim or the guilt of defendant during opening statements.

In conclusion, defendant's claims of prosecutorial misconduct fail, and defendant has not established that he is entitled to relief on this basis.

---

[3] Defendant does not assert that his trial counsel was ineffective for eliciting this testimony.

[4] Defendant also does not argue that his trial counsel was ineffective for failing to object to the other allegedly improper testimony by Reginald or for failing to request a limiting instruction under MRE 105.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL AND OV 11

Next, defendant also argues that the trial court erred by assessing 25 points for Offense Variable (OV) 11, resulting in an incorrect sentencing guidelines range. Defendant also argues that he was denied effective assistance of counsel because his trial counsel stipulated to a 25 point score for OV 11. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

A defendant must preserve his or her challenge to the validity of his or her sentence by raising the issue at sentencing, in a motion for resentencing, or in a motion for remand filed with this Court. MCR 6.429(C). Defendant failed to raise the issue during sentencing or timely file his motion to remand for resentencing in this Court. Therefore, the OV 11 issue is unpreserved. Defendant preserves an ineffective-assistance-of-counsel claim by filing a motion to remand to the trial court for a *Ginther*[5] hearing. *People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8; *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant failed to do so. Therefore, his ineffective-assistance-of-counsel claim is also unpreserved.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* "A trial court's findings of fact are clearly erroneous if, after reviewing the entire record, [this Court is] definitely and firmly convinced that the trial court made a mistake." *People v Carlson*, 332 Mich App 663, 666; 958 NW2d 278 (2020). "A trial court may consider all record evidence when calculating the sentencing-guidelines range." *People v Savage*, 327 Mich App 604, 617; 935 NW2d 69 (2019). Unpreserved issues are reviewed for plain error. *Cain*, 498 Mich at 116. Requirements for reversal under the plain-error rule are "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*.

Whether a defendant has been deprived of effective assistance of counsel is "a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Appellate courts review the trial court's factual findings for clear error, while questions of constitutional law are reviewed de novo. *Id.* Because defendant failed to preserve his ineffective-assistance-of-counsel issue, we review his claim for errors apparent on the record. *People v Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).

---

[5] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## B. ANALYSIS

Defendant argues that the trial court clearly erred by assigning 25 points for OV 11, instead of zero points. Even though counsel on appeal acknowledged the waiver of the scoring of OV 11, we nevertheless will address the merits of the issue in the context of defendant's ineffective assistance of counsel claim. In so doing, we disagree with defendant.

OV 11 is governed by MCL 777.41 and provides:

(1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Two or more criminal sexual penetrations occurred       50 points

(b) One criminal sexual penetration occurred       25 points

(c) No criminal sexual penetration occurred  0 points

(2) All of the following apply to scoring offense variable 11:

(a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

(b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

Defendant asserts that a 25 point score was "contrary to the plain language of OV 11" because the single penetration underlying the CSC-I offense could not be scored. Defendant also argues that the 25 point score could not be justified based on his acquitted conduct or the alleged other penetrations that occurred on other dates because those penetrations did not arise out of the sentencing offense.

Our Supreme Court has held that, for purposes of OV 11, an additional penetration "arises out of" the sentencing offense when it "springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). There must be the "requisite relationship between the penetrations" and the sentencing offense. *Id*. Additionally, our Supreme Court has held that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was

acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019).[6] However, "points can be assessed under OV 11 on the basis of uncharged sexual penetrations provided that . . . they arise out of the sentencing offense." *People v Lampe*, 327 Mich App 104, 119; 933 NW2d 314 (2019).

In support of his argument that the score is not justified on the basis of other alleged penetrations that occurred on other dates, defendant cites *Johnson*. In *Johnson*, the sentencing offenses were for third-degree criminal conduct. *Johnson*, 474 Mich at 101. The victim testified that she had sexual intercourse with the defendant on two different dates in November 2001. *Id*. at 101-102. The trial court assigned 25 points for OV 11. *Id*. at 100. Our Supreme Court concluded that the trial court erred in assessing 25 points for OV 11 because there was "no evidence that the penetrations resulted or sprang from each other or that there [was] more than an incidental connection between the two penetrations." *Id*. at 102. The Court explained: "[T]here is no evidence that the penetrations arose out of each other. More specifically, there is no evidence that the first sexual penetration arose out of the second penetration or that the second penetration arose out of the first penetration." *Id*. The *Johnson* Court also noted that "each criminal sexual penetration that forms the basis of its own sentencing offense cannot be scored for purposes of that particular sentencing offense." *Id*. at 102 n 2.

In the instant case, the jury found defendant guilty of the first count of CSC-I, which was based on allegations that defendant inserted his fingers into the victim's genital opening. The jury found defendant not guilty of the second count of CSC-I, which related to allegations that defendant inserted his penis into the victim's anus, and one count of CSC-III, which was based on allegations that defendant inserted his penis into the victim's genital opening. Therefore, the trial court could not assign 25 points based on the allegations underlying the second CSC-I count or CSC-III count for which he was acquitted. See *Beck*, 504 Mich at 629.

Plaintiff argues that the other sexual penetrations, which defendant was not charged with, arose out of the sentencing offense based on their theory of the case that defendant systemically groomed the victim. In support of its argument, plaintiff cites *People v Baskerville*, ___ Mich App___; ___ NW2d ___ (2020) (Docket No. 345403). In *Baskerville*, the defendant was convicted of human trafficking involving death. *Id*. at ___; slip op at 10. The trial court scored OV 11 at 50 points for the defendant's human trafficking conviction. *Id*. at ___; slip op at 10. Although this Court noted that "sexual penetration" was "not an element of the sentencing offense," we concluded that the trial court correctly scored OV 11 and held that there was "a sufficient causal connection between the crime and the sexual penetrations to score them for OV 11." *Id*. at ___; slip op at 10, 11. This Court explained:

> [A]lthough defendant did not personally engage in sexual relations with the victim for money as part of the commercial enterprise, he did engage in sexual relations with her as a result of her being forced into the criminal enterprise. Thus,

---

[6] *Beck* involved the imposition of an out-of-guidelines sentence that the trial court justified on the basis that it found, by a preponderance of the evidence, that the defendant had committed murder despite being acquitted by the jury of that charge. *Beck*, 504 Mich at 610, 629. Given the Court's broad holding, we are of the opinion that the use of acquitted conduct as a basis for scoring the guidelines when imposing a sentence is presumably no longer permissible.

defendant's sexual penetrations with the victim arose out of the fact that defendant controlled the victim by forcing her to be in the criminal enterprise. [*Id*. at ___; slip op at 10.]

In the instant case, we conclude that the victim's testimony supports the trial court's assessment of 25 points for OV 11 and its finding that two sexual penetrations arose out of the sentencing offense. The victim testified that defendant began inappropriately touching her when she was approximately 7 or 8 years old and that defendant's sexual abuse escalated from sexual touching to fellatio and digital penetration. The victim testified that defendant inserted his fingers inside of her vagina on numerous occasions. The victim testified that defendant inserted his fingers inside of her vagina when she was approximately 11 years old. She also testified that defendant inserted his finger inside of her vagina on three occasions while she was between the ages of 13 and 15 years old. Between December 2014 and May 2015, when the victim was approximately 15 or 16 years old, she testified, defendant digitally penetrated her vagina on multiple occasions. Further, at the sentencing hearing, the victim stated that defendant "conditioned" her, beginning in elementary school, to take advantage of her and perpetuate the sexual abuse.

Given the prosecutor's theory of the case and testimony of the victim that defendant had digitally penetrated her on multiple occasions between the ages of 11 and 16 years old, we are not left with a definite and firm conviction that a mistake has been made with respect to the scoring of OV 11. See *Carlson*, 332 Mich App at 666. Because the trial court did not err by assigning 25 points to OV 11, defendant has failed to establish that he is entitled to resentencing. See *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017).

Defendant has also not established that he was denied effective assistance of counsel. Defendant has not established that trial counsel's stipulation to OV 11 was objectively unreasonable. As indicated, there was evidence to support a 25 point score for OV 11. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Ericksen*, 288 Mich App at 201. Additionally, defendant has not established that, but for trial counsel's alleged error, there was a reasonable probability that the outcome would have been different. The record indicates that had trial counsel argued that OV 11 should have been assessed zero points, the prosecutor would have alternatively argued for a 25 point score for OV 13. 25 points may be assessed for OV 13 when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). MCL 777.43(2) governs OV 13 and provides, in pertinent part:

> (a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, *shall be counted regardless of whether the offense resulted in a conviction*.

> (b) The presence or absence of multiple offenders, the age of the offenders, or the degree of sophistication of the organized criminal group is not as important as the fact of the group's existence, which may be reasonably inferred from the facts surrounding the sentencing offense.

(c) *Except for offenses related to membership in an organized criminal group or that are gang-related*, do not score conduct scored in offense variable 11 or 12.

(d) Score 50 points only if the sentencing offense is first degree criminal sexual conduct. [Emphasis added.]

The victim's testimony supported a finding that defendant had digitally penetrated her vagina on more than three occasions between the ages of 11 and 16 years old. Therefore, had the trial court not accounted for the additional penetrations under OV 11, it would have alternatively assessed at least 25 points for OV 13, and defendant's sentencing guidelines range would have remained the same or increased. Accordingly, defendant has failed to establish that he is entitled to relief.

Affirmed.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ /Michelle M. Rick