PEOPLE v MUTCHIE

Docket No. 231777. Submitted March 6, 2002, at Grand Rapids. Decided March 22, 2002. Approved for publication May 10, 2002, at 9:15 A.M. Leave to appeal sought.

Michael R. Mutchie pleaded guilty in the Barry Circuit Court, James H. Fisher, J., of three counts of first-degree criminal sexual conduct (sexual penetration by an assailant armed with a weapon) and one count of kidnapping. The defendant was sentenced to concurrent prison terms of forty to one hundred years for the CSC convictions and fifteen to twenty-five years for the kidnapping conviction. The defendant appealed by delayed leave granted, challenging the scoring of Offense Variable 11 (criminal sexual penetration) of the legislative sentencing guidelines, MCL 777.41.

The Court of Appeals *held*:

1. Error, if any, in the scoring of OV 11 was harmless in light of the trial court's remarks at the hearing on the defendant's motion for resentencing that it would have found substantial and compelling reasons to depart from the sentence range recommended by the sentencing guidelines.

2. Offense Variable 11 was correctly scored in this case. MCL 777.41(2)(a) instructs that all sexual penetrations of the victim arising out of the sentencing offense are to be scored. Here, because all three sexual penetrations perpetrated by the defendant against the victim occurred at the same place, under the same set of circumstances, and during the same course of conduct, regardless of which first-degree CSC is deemed the "sentencing offense" for purposes of OV 11, the other two sexual penetrations fall within the scope of "sexual penetrations of the victim by the offender arising out of the sentencing offense." MCL 777.41(2)(b) states that multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in OV 12 or OV 13. MCL 777.41(2)(b) provides no impediment to using sexual penetrations to score points for OV 11, but, rather, acts in harmony with MCL 777.41(2)(a) to permit, but not mandate, the use of sexual penetrations that do not arise out of the sentencing offense to score OV 12 and OV 13. MCL 777.41(2)(c) instructs that points are not to be scored for the one penetration that forms the basis of a

first- or third-degree criminal sexual conduct offense. MCL 777.41(2)(c) excludes the use of one sexual penetration when the sentencing offense itself is first-degree CSC or third-degree CSC. All other sexual penetrations of the victim by the offender arising out of the sentencing offense may be scored under MCL 777.41(2)(a).

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *G. Shane McNeill*, Prosecuting Attorney, and *Catherine M. Davis*, Assistant Attorney General, for the people.

*James Bonfiglio*, for the defendant.

Before: METER, P.J., and MARKEY and OWENS, JJ.

PER CURIAM. Defendant pleaded guilty of three counts of first-degree criminal sexual conduct (CSC) (sexual penetration by an assailant armed with a weapon), MCL 750.520b(1)(e), and one count of kidnapping, MCL 750.349. He was sentenced to concurrent prison terms of forty to one hundred years each for the first-degree CSC convictions and fifteen to twenty-five years for the kidnapping conviction. He appeals by delayed leave granted. We affirm.

This Court granted defendant's application for leave to appeal limited to the issue of the trial court's interpretation of Offense Variable (OV) 11 of the legislative sentencing guidelines, MCL 777.41. After reviewing the record, we conclude that the scoring issue is moot because, even if there were error, resentencing is not warranted given the trial court's remarks that it would have imposed the same sentences regardless of the scoring of OV 11.

Resentencing requires an invalid sentence. *In re Dana Jenkins*, 438 Mich 364, 369, n 3; 475 NW2d 279 (1991). As an example, a sentence based on a miscon-

ception of the law is invalid. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

> More generally, there must be some "legal flaw" in a sentence, *People v Mapp*, 224 Mich App 431, 434; 569 NW2d 523 (1997), or a "tangible legal or procedural error" leading to a sentence, *People v Wybrecht*, 222 Mich App 160, 167; 564 NW2d 903 (1997), in order to consider it "invalid" and justify resentencing. [*People v Thenghkam*, 240 Mich App 29, 70-71, 610 NW2d 571 (2000).]

Because it is clear from the trial court's remarks at the hearing on defendant's motion to withdraw his plea or for resentencing that it would have found substantial and compelling reasons to depart from the sentencing guidelines recommended range, even if OV 11 were improperly scored, and because MCL 769.34(3) authorizes such departures, *People v Hegwood*, 465 Mich 432, 439-440; 636 NW2d 127 (2001); *People v Babcock*, 244 Mich App 64, 72; 624 NW2d 479 (2000), we conclude that any error in the scoring of OV 11 was harmless.

In any event, we are satisfied that OV 11 was properly scored in this case. We note that each of defendant's three CSC convictions was subject to the legislative sentencing guidelines, MCL 777.21(2), and that OV 11, MCL 777.41, was applicable to each offense because first-degree CSC is categorized as a crime against a person. MCL 777.16y and MCL 777.22(1). Ov 11 unambiguously provides that each of the three instructions set forth in MCL 777.41(2) apply to the scoring of OV 11.

In construing these instructions in the context of defendant's first-degree CSC sentencing offenses, we must initially consider the meaning of the language found in MCL 777.41(2)(a), to wit: "all sexual penetra-

tions of the victim by the offender arising out of the sentencing offense." Words in a statute should be given a meaning, by context or setting, according to the common usage of language. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158-159; 627 NW2d 247 (2001). Thus, while the phrase "arising out of" is not statutorily defined, relying on the common dictionary definition of "arise" to ascertain its generally accepted meaning, we note that *Random House Webster's College Dictionary* (1992), provides:

> 1. to get up from sitting, lying, or kneeling, rise . . . . 2. to awaken; wake up. 3. to move upward; ascend . . . . 4. to appear; spring up . . . . 5. to result; spring or issue (sometimes fol. by *from*) . . . .

We find the fifth definition most consistent with a contextual analysis of the phrase "arising out of the sentencing offense." Hence, MCL 777.41(2)(a) suggests that sexual penetration of the victim must result or spring from the sentencing offense. We further note that "arising out of" has been interpreted by this Court in other contexts as requiring a connection between the injury and the underlying matter. Specifically, in construing a pollution exclusion clause in an insurance policy, this Court observed:

> Next, plaintiffs argue that neither the pollutant nor their injuries arose out of Hi-Tech's product as required by the pollution exclusion clause. First, plaintiffs contend that their injuries did not arise out of Hi-Tech's product because their injuries occurred when they were attempting to clean up the TDI spill, not during the initial spill. Second, plaintiffs contend that the pollution did not arise out of Hi-Tech's product because plaintiffs were injured by the TDI. We reject both arguments. A count cannot create ambiguity where none exists. [*Auto-Owners Ins Co v*] *Churchman*,

[440 Mich 560; 489 NW2d 431 (1992)]. While the term "arising out of" does not appear to have been defined in the context of a CGL policy, it has been interpreted in the areas of worker's compensation and automobile insurance law. To establish that an injury arose out of employment, the employee must illustrate that the injury occurred "as a circumstance of or incident to the employment relationship." *MacDonald v Michigan Bell Telephone Co*, 132 Mich App 688, 692; 348 NW2d 12 (1984). To establish that an injury arose out of an automobile accident, the claimant must illustrate a causal connection that is more than incidental, fortuitous, or remote between the use of the motor vehicle and the injury. *Jones v Tronex Chemical Corp*, 129 Mich App 188, 192; 341 NW2d 469 (1983), quoting *DAIIE v Higginbotham*, 95 Mich App 213, 222; 290 NW2d 414 (1980). In this case, both the chemical release and plaintiffs' injuries have significantly more than a remote connection to Hi-Tech's defective product. [*McKusick v Travelers Indemnity Co*, 246 Mich App 329, 340-341; 632 NW2d 525 (2001), lv pending.]

Regardless of which definition of "arising out of" we apply in the case at bar, we conclude that the result would be the same. Because all three sexual penetrations perpetrated by defendant against the victim occurred at the same place, under the same set of circumstances, and during the same course of conduct, regardless of which first-degree CSC conviction one deems the "sentencing offense" for purposes of OV 11, the other two sexual penetrations unambiguously fall within the scope of "sexual penetrations of the victim by the offender arising out of the sentencing offense."[1] Indeed, relying on MCL 777.41(2)(a)

---

[1] Because the trial court's application of OV 11 reflects that it considered only the sexual penetrations for the first-degree CSC offenses that resulted in convictions, we have limited our consideration of OV 11 to this factual setting. We do not consider the prosecutor's claim that another sexual penetration could have been used to score OV 11.

alone, the one penetration that forms the basis of the sentencing offense itself would also be included because "all" sexual penetrations arising out of the sentencing offense are to be scored.[2]

With this construction and application of MCL 777.41(2)(a) in place, we must determine if either MCL 777.41(2)(b) or (c) bars the use of any of the sexual penetrations for purposes of scoring. MCL 777.41(2)(b) states only that "[m]ultiple sexual penetrations of the victim by the offender extending beyond the sentencing offense *may* be scored in offense variables 12 or 13." (Emphasis added.) Examined in context, we find that MCL 777.41(2)(b) depends on how MCL 777.41(2)(a) is applied. MCL 777.41(2)(b) provides no impediment to using sexual penetrations to score points for OV 11, but rather acts in harmony with MCL 777.41(2)(a) to permit, but not mandate, the use of sexual penetrations that do not arise out of the sentencing offense to be used to score OV 12 and OV 13. See, generally, *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982) (courts should give ordinary and accepted meaning to permissive word "may" unless to do so would clearly frustrate legislative intent as indicated by other statutory language or the statute as a whole). See also *Macomb Co Prosecutor, supra* at 159 (an act is to be construed as a whole in order to harmonize its provisions and carry out the legislative

---

[2] We do not address whether more distant acts of sexual penetration would satisfy the requirement that they arise out of the sentencing offense for purposes of MCL 777.41(2)(a). It is sufficient that the facts of the instant case unambiguously fall within the "arising out of" language of MCL 777.41(2)(a). Cf. *People v Preuss*, 436 Mich 714, 738; 461 NW2d 703 (1990). See also *Elias Bros Restaurants, Inc v Treasury Dep't*, 452 Mich 144, 150-151; 549 NW2d 837 (1996).

intent). The inclusion of the sexual penetrations is not mandatory because OV 12 and OV 13 have their own specific requirements.[3]

Finally, MCL 777.41(2)(c) states: "Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense." This instruction is arguably ambiguous, that is, subject to reasonable disagreement over its meaning, *People v Adair*, 452 Mich 473, 479; 550 NW2d 505 (1996), because it does not specify whether the CSC offense that is not scored is the sentencing offense. However, construing MCL 777.41(2)(c) as excluding all sexual penetrations that form the basis of a first-degree or third-degree CSC offense would be unreasonable because it would, in effect, render any score for sexual penetrations nugatory. This is so because first-degree and third-degree CSC are the offenses that require sexual penetration as an element. MCL 750.520b and MCL 750.520d. "When construing a statute, the court must presume that every word has some meaning and avoid any construction that would render any part of the statute surplusage or nugatory." *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999).

Therefore, MCL 777.41(2)(c) must be construed in a more limited context as operating either to exclude any sexual penetrations resulting in separate convictions, as suggested by defendant, or to exclude the use of one sexual penetration when the sentencing

---

[3] Among the instructions for OV 12, consistent with OV 11, is the instruction: "Do not score conduct scored in offense variable 11." MCL 777.42(2)(c). Similarly, OV 13 instructs: "Except for offenses related to membership in an organized criminal group, do not score conduct scored in offense variable 11 or 12." MCL 777.43(2)(c).

offense itself is first-degree CSC or third-degree CSC, as suggested by the prosecutor. We find that the latter position represents the more reasonable view of legislative intent because the language of MCL 777.41(2)(c) indicates an intent to exclude only one sexual penetration. Under this construction, one can conclude that the Legislature acted to exclude, as an aggravating offense factor, a factor (sexual penetration) already given weight as an element of the sentencing offense, much in the same fashion as it provided for in OV 8 (victim asportation or captivity) to require a score of zero points when the sentencing offense is kidnapping. MCL 777.38(2)(b). See, generally, *People v Jaffray*, 445 Mich 287, 296-298; 519 NW2d 108 (1994) (discussing asportation and captivity elements of the various forms of kidnapping). Had the Legislature intended to exclude all acts of penetration that resulted in separate convictions, it would have expressly provided for the exclusion in the same manner as it did for OV 12 (contemporaneous felonious criminal acts) in MCL 777.42(2) ("A felonious criminal act is contemporaneous if . . . . (ii) The act has not and will not result in a separate conviction.")[4]

In sum, while the Legislature could have expressed its intent in MCL 777.41(2)(c) more clearly, having considered this question of statutory interpretation de novo, *Babcock, supra at* 72, we construe this instruction as indicating legislative intent to bar use of only the one sexual penetration that forms the basis of a

---

[4] We similarly reject defendant's claim that Prior Record Variable 7 (subsequent or concurrent felony convictions), MCL 777.57, supports a conclusion that the Legislature intended that sexual penetrations that result in separate convictions are not to be counted for purposes of OV 11, MCL 777.41. The Legislature has not provided for such an exclusion.

first-degree CSC conviction, or third-degree CSC conviction, when that offense is itself the sentencing offense. All other sexual penetrations of the victim and by the offender "arising out of the sentencing offense" may be scored under MCL 777.41(2)(a), regardless of whether the sexual penetrations result in separate convictions. Because the sexual penetrations in the case at bar fall within the scope of MCL 777.41(2)(a), we uphold the trial court's scoring decision.

Furthermore, for the reasons previously discussed, even if the trial court's scoring of OV 11 were erroneous, defendant has not shown that the error requires resentencing given the trial court's statements that it would have imposed the same sentences regardless of the proper scoring of OV 11. Thus, defendant is not entitled to resentencing.

We affirm.