*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILLIAM THOMAS ALLEN,

      Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 351708
Leelanau Circuit Court
LC No. 2019-001995-FH

Before: MURRAY, C.J., and M. J. KELLY and RICK, JJ.

M. J. KELLY, J. *(concurring in part and dissenting in part)*.

I respectfully dissent from the majority's conclusion that every insertion of defendant's penis into the complainant's vagina during a single act of sexual intercourse counts as a separate sexual penetration when scoring offense variable (OV 11). Because I would interpret the single, continuous act of sexual intercourse that occurred in this case as one sexual penetration, I would hold that the trial court erred by scoring OV 11 at 50 points, and, because the scoring error affected defendant's minimum sentencing guideline range, I would reverse and remand for resentencing.[1]

OV 11 addresses criminal sexual penetration. MCL 777.41. The trial court must assess 50 points if "[t]wo or more criminal sexual penetrations occurred[.]" MCL 777.41(1)(a). When scoring OV 11, the court must comply with the following directives:

> (a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

---

[1] I would not reach the issue of whether the trial court erred by imposing a sentence outside the guidelines range. Nevertheless, I agree with the majority that the trial court appropriately concluded that the discretionary sentencing guidelines do not adequately account for defendant's criminal history and the nature of the offense, and I agree that the trial court adequately articulated why the outside-the-guidelines sentence was proportionate to the seriousness of the matter.

(b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense. [MCL 777.41(2).]

We need not guess at the meaning of the phrase "sexual penetration." The Legislature has defined "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r). "When a statute specifically defines a given term, that definition alone controls." *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007).

In this case, the sexual penetration that formed the basis for the sentencing offense is defendant's sexual intercourse with a 15-year-old girl. The sexual intercourse lasted for approximately five minutes. The complainant reported that, during that five-minute time frame, "defendant's penis had to be reinserted into her vagina on at least two occasions." The majority contends that each insertion of a penis into a vagina is a separate sexual penetration, noting that "[t]here is nothing in the language of the statute that allows for the conclusion that 'sexual intercourse' encompasses as many penetrations that occur during the course of a single sexual assault."

I agree that the Legislature does not define the phrase "sexual intercourse." However, it is a basic principle of statutory interpretation that "[a]n undefined statutory word or phrase must be accorded its plain and ordinary meaning . . . ." *People v Flick*, 487 Mich 1, 11; 790 NW2d 295 (2010). The majority's decision to count each insertion of the penis during a single act of sexual intercourse as a separate sexual penetration is inconsistent with the ordinary meaning of "sexual intercourse." Although there are no Michigan cases examining the ordinary meaning of the phrase sexual intercourse," when interpreting a similar statute,[2] the Oregon Court of Appeals reasoned:

For the state to prevail, we would have to conclude that an ordinary person would understand two people to have engaged in a distinct act of vaginal sexual intercourse every single time that the penis, having initially penetrated the vagina, is removed (accidentally or intentionally) and then reinserted. We believe that an ordinary person, on the contrary, would understand a single act of sexual intercourse to include the possibility of penetration, removal, and reinsertion of the penis multiple times. Thus, the mere fact that the penis is removed and reinserted, without more, does not establish that a new act of "sexual intercourse" has occurred.

To be clear, we do not mean to cast doubt on the proposition that multiple acts of rape can occur in a span of a few minutes. But the state must present evidence sufficient to permit a finding that one act of forcible sexual intercourse

---

[2] The Oregon statute defined " 'sexual intercourse' " as having 'its ordinary meaning' and as occurring 'upon any penetration, however slight[.]' " *Oregon v Eastman*, 282 Or App 563, 570-571 (2016), quoting ORS 163.305(7).

ended and another began. In this case, the evidence, when viewed in the light most favorable to the state, establishes only that defendant's penis was removed and reinserted multiple times without any pause in defendant's effort to vaginally penetrate the victim—something that is consistent with a single act of sexual intercourse. [*Oregon v Eastman*, 282 Or App 563, 571; 385 P3d 1182 (2016).]

I agree with the Oregon Court of Appeals that an ordinary person would understand a single act of sexual intercourse to include the possibility of penetration, removal, and reinsertion of the penis multiple times. Here, the record only reflects that defendant's penis was removed and reinserted multiple times without any break in the one, continuous act of sexual intercourse that occurred. Because that sexual intercourse is the one penetration that forms the basis for defendant's third-degree criminal sexual conduct conviction, MCL 777.41(2)(c) expressly states that the court may not score points for that penetration.

The majority relies on *People v Matuszak*, 263 Mich App 42; 687 NW2d 342 (2004) as support for the fact that multiple insertions of a penis into a vagina count as separate sexual penetrations when scoring OV 11. In *Matuszak*, "the victim testified that defendant threw her to the ground and partially inserted his penis into her vagina once, and that he then threw her onto the trunk of the car where he inserted his finger into her vagina, partially inserted his penis into her vagina twice, and fully inserted his penis into her vagina once." *Id*. at 46. This Court concluded that the trial court did not err by scoring OV 11 at 50 points because five instances of sexual penetration occurred during the assault." *Id*. at 61. Yet, as noted above, the Legislature defined "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or *any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . .*" MCL 750.520a(r) (emphasis added). The use of the word "or" indicates a choice between alternatives. *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011), reh den 490 Mich 868 (2011). Thus, one way that a sexual penetration can occur is if there is an act of sexual intercourse. Another way that it can occur is if there is an intrusion—no matter how slight—of a person's body part into the genital opening of another person's body. The penetrations in *Matuszak* were not based on four separate acts of sexual intercourse. Indeed, no sexual intercourse took place. Rather, each insertion and partial insertion of the defendant's penis fell under the last part of the definition, i.e., it was an intrusion of the defendant's body into the genital opening of the victim's body. Consequently, *Matuszak* does not support that a single act of sexual intercourse that includes multiple insertions of the defendant's penis into the victim's vagina counts as multiple sexual penetrations under OV 11.

Similarly, the cases relied upon by the prosecution in its response to defendant's instant appeal are also distinguishable. In *People v Lampe*, 327 Mich App 104, 118-119; 933 NW2d 314 (2019), this Court upheld a score of 50 points where the defendant performed fellatio on the complainant and penetrated the complainant orally and annually. Likewise, in *People v Cox*, 268 Mich App 440, 442, 455-456; 709 NW2d 152 (2005), this Court upheld a score of 25 points for OV 11 because the defendant engaged in anal and oral sex with the complainant. In *People v Wilkens*, 267 Mich App 728, 743; 705 NW2d 728 (2005), this Court upheld a score of 25 points for OV 11 when the defendant penetrated the complainant with his mouth and with a sex toy. In *People v Mutchie*, 251 Mich App 273, 277; 650 NW2d 733 (2002), this Court upheld a score of 50 points for OV 11 where "all three sexual penetrations perpetrated by defendant against the victim occurred at the same place, under the same set of circumstances, and during the same course

of conduct." In each case, the trial court's scoring decision was upheld because it was supported by evidence that multiple sexual penetrations occurred, each arising out of the sentencing offense. However, none of the cases cited by the prosecution involved the circumstances at issue in this case, i.e., a single instance of sexual intercourse during which the defendant's penis was inserted into the complainant's vagina more than one time. Thus, the cases are inapposite and do not compel a different interpretation of the plain language in MCL 750.520a(r) and MCL 777.41.

In sum, under the Legislature's definition of sexual penetration, defendant only sexually penetrated the complaint once, so the trial court erred by assessing 50 points for OV 11. If OV 11 is correctly scored at 0, defendant's guidelines range is decreased from 57 to 95 months to 51 to 85 months. Because the scoring error alters the appropriate guidelines range, I would hold, contrary to the majority, that resentencing is required. *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006).

/s/ Michael J. Kelly