*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN EDWARD ALEXANDER,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2019

No.  334868
Chippewa Circuit Court
LC No.  15-001776-FC

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant Steven Alexander pleaded guilty to three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(b)(*iii*).  Alexander's sentencing guidelines called for a minimum term of incarceration of 135 to 225 months.  The trial court sentenced him to 45 years (540 months) for each count.  Alexander challenges the length of his minimum sentence and the scoring of two offense variables (OVs).  We vacate the sentences and remand for resentencing.

I

Alexander and his wife befriended the 14-year-old victim, ZJ, at their church.  ZJ and her sister often spent the night at the Alexander home, where Alexander helped the girls with their homework.  On multiple occasions, Alexander engaged in intercourse with ZJ after his wife fell asleep.  ZJ reported that Alexander had given her "medicine that would make you numb."  According to the preliminary sentence report, the substance was later identified as Propofal (Alexander was employed as a surgical technician).

The prosecution charged Alexander with five counts of CSC I occurring between May 1 and May 20, 2015.  All five counts included an allegation that Alexander used his authoritative position to coerce the victim's submission.  A sixth count alleged that Alexander possessed a firearm at the time he committed at least one act of CSC.

Alexander pleaded guilty to three of the five counts of CSC I; the remaining two CSC counts and the felony-firearm charge were dismissed in exchange.  The prosecution also agreed to concurrent sentencing.  At the plea hearing, the judge advised Alexander that although the

prosecution had agreed to concurrent sentencing, the court "may impose a consecutive sentence under MCL 750.520(b)(3)."

At sentencing, defense counsel raised no challenges to any of the OVs scored by the probation department or the minimum sentence guidelines range of 135 to 225 months. The trial court observed that Alexander had "victimized a young girl in a very reprehensible manner" and had "also administered medication to induce this misconduct." "Children commit suicide over this as they are crippled emotionally for life, and in this case there is no question that the victim has suffered emotionally," the court noted. The court then imposed a sentence that substantially exceeded the guidelines, reasoning as follows:

> The presentence report and the nature of this crime indicate that commitment is necessary in this case. Society must be protected. Crime must be deterred. And dangerous offenders like you must be segregated.
>
> Pursuant to MCL 750.[520b(3)] where I have the discretion to sentence to consecutive sentences, Mr. Alexander, it's going to be the order and disposition of this Court that you be sentenced to a term at the Michigan Department of Corrections for Count I, Count II, and Count III, [CSC I], for a period of 45 years to 70 years at the Michigan Department of Corrections.
>
> First and foremost, Mr. Alexander, this sentence is punitive in nature. It's for the protection of society. It's for a deterrence to others, and it's to allow you the opportunity to rehabilitate yourself, if that's possible, with the Michigan Department of Corrections.
>
> And those sentences are to run concurrently with each other. It is 45 years to 70 years at the Michigan Department of Corrections.

Alexander's appellate counsel filed a motion to withdraw his plea or to correct an invalid sentence, contending that contrary to the information provided by his counsel and the court, his sentences could not have been imposed consecutively. Counsel also challenged the scoring of OVs 11, 13 and 19. The prosecution agreed that OV 13 should have been scored at 25 rather than 50 points, but disputed that the other two OVs were incorrectly scored. The trial court denied the motions, although it agreed to correct the scoring of OV 13. Alexander filed a delayed application for leave to appeal, which this Court denied. *People v Alexander*, unpublished order of the Court of Appeals, entered November 8, 2016 (Docket No. 334868).

Alexander applied for leave to appeal in the Michigan Supreme Court, which remanded the case to this Court

> for consideration, as on leave granted, of: (1) whether offense variables (OV) 11 and 19 were misscored, and, if so, whether the defendant is entitled to resentencing, despite the trial court's departure from the guidelines range; and (2) if the defendant is not entitled to resentencing on the grounds that OVs 11 and 19 were misscored, whether the defendant's sentence is reasonable under the standard set forth in [*People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017)]. In all other respects, leave to appeal is DENIED, because we are not

persuaded that the remaining question presented should be reviewed by this Court. [*People v Alexander*, 501 Mich 943; 904 NW2d 608 (2017).]

We now consider the issues identified by our Supreme Court. "The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*, involve legal questions that are reviewed de novo." *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010). We review the trial court's factual findings for clear error, and those findings must be supported by a preponderance of the evidence. *People v Dickinson*, 321 Mich App 1, 20-21; 909 NW2d 815 (2017). We review Alexander's departure sentence for reasonableness, focusing on whether the trial court abused its discretion by violating the principle of proportionality. *Steanhouse*, 500 Mich at 477.

II

The trial court scored OV 11 at 50 points, concluding that Alexander had sexually penetrated the victim on multiple occasions and that the penetrations constituted a "series or pattern" of sexual penetrations "over a protracted period of time." MCL 777.41 governs the scoring of OV 11, and provides as follows:

> (1) [OV] 11 is criminal sexual penetration. Score [OV] 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> > (a) Two or more criminal sexual penetrations occurred............50 points
> >
> > (b) One criminal sexual penetration occurred.......................25 points
> >
> > (c) No criminal sexual penetrations occurred.........................0 points
>
> (2) All of the following apply to scoring [OV] 11:
>
> > (a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.
> >
> > (b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in [OVs] 12 or 13.
> >
> > (c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree [CSC] offense.

In *People v Johnson*, 474 Mich 96, 97; 712 NW2d 703 (2006), the Supreme Court held that MCL 777.41(2)(a) permits a court to score only "those penetrations 'arising out of the sentencing offense.' " In that CSC case, as here, the penetrations were charged in separate counts, as they occurred on separate occasions. *Johnson*, 474 Mich at 100. The Supreme Court explained that the plain language of the statute dictated scoring points only when a direct connection between the penetrations had been demonstrated:

Something that "aris[es] out of," or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen. For present purposes, this requires that there be such a relationship between the penetrations at issue and the sentencing offenses. [*Id.* at 101.]

No evidence was presented in *Johnson* that the penetrations "arose out of each other," rendering the scoring of points erroneous. *Id*. at 102. The same is true here. The record fails to establish any connection between the three penetrations beyond the fact that they involved the same defendant and the same victim. Accordingly, OV 11 should have been scored at zero.

III

OV 19 permits a court to assess 10 points when an offender "interfered or attempted to interfere with the administration of justice." MCL 777.49(c). "Interference with the administration of justice" encompasses conduct intended "to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). This Court observed in *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), that "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense."

The PSIR indicates that defendant "reportedly gave the victim whatever she asked for[:] cellphones, iPod, iTunes cards." The PSIR also indicates:

The CPS worker asked the victim how often she talks to her mother. She stated that she talks to her mother, via text and on the phone. She indicated that this happened at a foster home in Dafter. She stated that her mother knows that the defendant provided her with a phone. CPS asked how she got the phone. She stated that one day, the defendant came to school and gave her some lemonade, beef jerky and a coffee can. She stated that the defendant had put the cell phone, charger and instructions to activate the phone in a plastic bag inside of the coffee can. She stated that she had the phone since that day and has been using it to contact the defendant and her mother. She stated that she knew she was not supposed to be having phone calls with her mom and it was found that the defendant was meeting with the victim in the middle of the night while she was in foster care. The defendant would bring the victim food and in the morning hours she would sneak out of the foster home and meet with him [] to have sex. There was a text message from the defendant to the victim after once [sic] incident that stated "I'm sorry, I got to [sic] excited". The victim replied by saying "it was ok and that she knew that he will wait for her because he loves her."

In assessing points for OV 19, the trial court stated:

I believe that the D.O.C. scored [OV 19] correctly in terms of the—he unlawfully contacted the victim at school from [sic] keeping her from disclosing and he had a

-4-

position of authority which again could lead to that scoring being accurate as it was outlined by the Michigan Department of Corrections.

The record evidence does not support the trial court's scoring decision. Given that Alexander was incarcerated when his conduct was revealed, it appears clear that defendant gave the victim the cell phone *before* he was arrested, that is, before "the administration of justice" commenced. Moreover, there is absolutely no evidence substantiating that Alexander contacted the victim on this cell phone after he was arrested to urge her against cooperating with the police. Finally, contrary to the trial court's apparent belief, there is nothing in OV 19 that indicates a defendant's "position of authority" over a victim is a basis for scoring 10 points. In short, OV 19 should have been assigned zero points.

IV

The trial court's scoring errors result in a reduction of 60 points from Alexander's total OV score, reducing the top-end of the minimum sentencing range from 225 months to 180 months (15 years). Despite that Alexander received a departure sentence, we must remand for resentencing based on the scoring errors, standing alone. In a dispositive order in a case in which the trial court imposed a departure sentence, our Supreme Court instructed:

> Even though the guidelines ranges are now advisory, the scoring of the guidelines themselves is mandatory, and the OVs must be assigned the highest number of points applicable. MCL 777.43(1); *People v Lockridge*, 498 Mich 358, 392 n 28; 870 NW2d 502 (2015). Because correcting the OV score would change the applicable guidelines range, resentencing is required. *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006). [*People v Geddert*, 500 Mich 859; 884 NW2d 575 (2016).]

We acknowledge that this Court has held that despite improperly scored guidelines, if a departure is reasonable under *Lockridge* and the sentencing court did not rely on the minimum sentence range calculated from improperly scored guidelines, remand for resentencing is not required. *People v Ambrose*, 317 Mich App 556, 565; 895 NW2d 198 (2016). Regardless of whether that holding conflicts with *Geddert*, the trial court in this case failed to adequately justify the departure sentence it imposed. This error necessitates resentencing. And this omission is not the only flaw in the trial court's sentence.

The judgment of sentence indicates that "all counts [are] to run concurrent," and we have interpreted the sentences imposed as 45 years' imprisonment for each count, to run concurrent to each other. However, when passing sentence the trial court expressed, "I have the discretion to sentence to consecutive sentences" immediately before announcing that Alexander would serve 45 to 70 years "for Count I, Count II, and Count III." Further, the trial court's notes indicate that the court may have intended to impose consecutive rather than concurrent sentences.

On remand, we instruct the trial court to impose concurrent sentences. "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55

(2012) (quotation marks and citation omitted). MCL 750.520b(3) provides that when a defendant is convicted of a charge of CSC I, the trial court "may order [the] term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." The term "any other criminal offense arising from the same transaction" refers to additional crimes committed at the time of the illegal penetration. For multiple penetrations to be considered as part of the same transaction, they must be part of a "continuous time sequence," not merely part of a continuous course of conduct. *People v Bailey*, 310 Mich App 703, 725; 873 NW2d 855 (2015). No evidence satisfying this standard exists in this case.

Additionally, the trial court must justify the extent of any departure sentence it elects to impose, which it failed to do when it imposed the original sentence. A sentencing court need not cite "substantial and compelling reasons" to depart upward from the recommended minimum sentencing guidelines. *Lockridge*, 498 Mich at 391. Nevertheless, the court's sentencing analysis must include must an explanation of the rationale for the departure and for the departure's extent. Both explanations must take into account the principle of proportionality standard outlined in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 462, 471. "[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted), oral argument gtd on the application 501 Mich 1066 (2018).

The trial court failed to provide any explanation for its decision to more than double the guidelines sentence, thereby abusing its discretion. The victim's psychological injuries, Alexander's deployment of an incapacitating drug, and the need to protect the public all supply appropriate grounds for a departure sentence. If the trial court continues to believe that those grounds warrant a departure sentence, it must consider and explain whether the guidelines adequately account for Alexander's conduct and the victim's injuries. *Dixon-Bey*, 321 Mich App at 525. If the court determines that the guidelines inadequately describe the severity or import of the underlying facts, the court must further elucidate why the specific extent of the sentence it elects to impose is more proportionate to the offense and the offender than a lesser sentence would be.

We vacate Alexander's sentences and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra

-6-